Dewi v. Holder

BIA
A099 686 953

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 25th day of May, two thousand twelve.

PRESENT:
>    DENNIS JACOBS,
>        *Chief Judge,*
>    JON O. NEWMAN,
>    ROBERT D. SACK,
>        *Circuit Judges.*

_____

NILA SARI DEWI,
>        *Petitioner,*

>    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

11-3041-ag
NAC

_____

FOR PETITIONER:          Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Kohsei Ugumori, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nila Sari Dewi, a native and citizen of Indonesia, seeks review of a July 8, 2011, decision of the BIA denying her motion to reopen her removal proceedings. *In re Nila Sari Dewi*, No. A099 686 953 (B.I.A. July 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Dewi's motion to reopen was filed more than 90 days after the BIA's final administrative decision was rendered, she was required to show "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Dewi argues that her husband's refusal to sign divorce papers constitutes a changed country condition; but as the Government correctly asserts, Dewi did not raise this argument

2

in her motion to reopen. She sought reopening on the ground of her husband's conversion to Islam and marriage to another woman. Because this issue is unexhausted, we will not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122-23 (2d Cir. 2007).

Further, there is no merit to Dewi's argument that the BIA erred by giving limited weight to the statements of her family members. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence lies largely within the discretion of the agency). These documents were unsworn and were created for the purpose of supporting Dewi's motion. The agency's decision to accord them limited weight was therefore not unreasonable.

Finally, the BIA reasonably found that the evidence Dewi presented to support her motion was cumulative of the evidence she presented to the IJ. Her motion described a continuation of events similar to those addressed at Dewi's merits hearing, rather than establishing that conditions had worsened. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (explaining that in determining whether an applicant has established changed country conditions, the agency "compare[s]

3

the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4